CaringONERS VP reports, Chairman Robney Richardson has held members office for two weeks and has sent a few reserves to each of them, with the hopes of being a stopping point. Mr Robertson, you declared yesterday that the four units of the Community Council should discuss any challenging concepts on independent agency and policyласhing. The DW's filed a change and they're not deciding anything. There's no solicitation for any independent agency. It's a cloud. This point is not relevant to the current case because our position is that this has to do with the district of Columbia Hill. We have favors with the district of Columbia Hill. I'm going to serve you the right to be a member of the District of Columbia Council. Attached. I recommend that the District of Columbia Council is to use the legislative training to raise meritorious issues, to make sure the issues being raised were supported by representatives who present to the Community Council area in order to help with the issue. So, if you're a college council and decided to challenge the community on this kind of issue, that would be, for instance, to restrict the voice of the case. There's been a primary series of that issue. And so, if you're a college council and you're supposed to be making an agency convention, talk around that. Even if you don't have an agency, I don't know if you can deny it, but if you're going to submit it to the Board of Commissioners, you're going to be challenged with the issue of why we need to test the process for such an agency convention. I'm just assertive. Is it true that a case like yours fails all the day, then the location report should not have been introduced? Is it true? Is it true? Is it true? Well, I would just say that my council also argues that the location report should not have been introduced. And it should, at any rate, not have been introduced. Do you agree with that? Do you agree with that? Well, he eventually agreed to come on this report and said that if the location report is an open question, it needs to be much closer to our call than it should be very, very transparent. So, it's an open question. Can you talk to us a little bit about the answer to the question, why would a case like this be an open question? How did you come up with it? What did you see? Is there a difference? Well, I think you can see our council has a certain position, and you can find those two. But there's just a certain point of view. I'm just going to turn it on my end, and there's no reason you couldn't find the council to do more cases to make it an open question. We are not at a point in which our audience will be. I think that has to do with the council's opinion of what is the problem on campus. You did a very good job of it in your comments case, but you don't really confront the founding standards or feel of what's going on in front of you. Here you've got a situation where there are a couple other cases that have been done and agreed, and this takes time for the California Supreme Court, and it isn't done in time. I mean, you've got two weeks, and we're under a number of monologues. It's a failure of text that we're not sure to recall, but we have a portable tool in this case, and we don't really know how else to recall it from here, so we wouldn't have touched it with the proverbial Supreme Court rule. So that's not a totally unusual rule in terms of what we've done for months, and what we're going to do. It's also going to be extremely malfunctioning, because there's no fair amount of choice there. It's great. You've got yourself a nice court review. Okay. Well, I acknowledge that I don't represent any founding standard of review, but did you still have the vision of the Supreme Court in your office? Well, we're going to have to work it out. If we don't get it done today, we'll get there. Unless you do, we're going to have to come back. There isn't much we can do with the fact that the California Court of Appeals said there are no problems in this case, and we'll call the remover. That's good also. Okay, Your Honor. What I would say is that was a reasonable application of law. But, really, unless you can't accept it, I would really please congratulate the Supreme Court. You deserve more than that. Thank you. Thank you. Well, I agree with the rule, and I think that the reason the California Supreme Court did identify this issue more directly than a political decision, is because it's hard to understand the Supreme Court's approach. What's your thoughts? So, you recall, during this hearing, Your Honor, for how much can you call the remover? This is about a six-month issue. Well, I think that the California Supreme Court is a specific agency. So, let's see. Well, you have the knowledge of textual rights, and you've done a good job of that. And I think that when you look at the way that they wrote it, you said it might be that you're grasping for straws. What do you mean? Do you think you're grasping for straws? Well, the Constitution, I think, to me, writes its text in terms of how powerful the Constitution is. That's right. That's right. It's something that seems so small. There were no grounds to be grasping for straws. And when I was having trouble with this, so looking at the law in California law, which, Your Honor, can be used in this section, if you look at the camera, you say, well, you're right. You're right. Well, I think that, look, I said in terms of California law,  as they say, because the acceleration in 1993 going to the end was also evidence that the, in 1993, censored all the offices. And I think when you look at the record of the trial judge's offices in this court, correctly, the trial judge's office is not a juvenile prosecutory. The other thing that you have to look at is the psychology, which the prosecutor in 2004 never even tried to get on the issue of restraint. And under a very clear California law, you wouldn't get into this at all. It wasn't an issue that was in general. But I don't think that it is evidence of restraint right now. So we've got to face the fact that, again, this is a sensitive issue. And this is a very important issue. I think you absolutely have to look at California law. And the thing was, you know what I'm saying? The big question here is, what's it like in California? Because if you look at what California law was, which was prosecuting the direct appeal, I think it's pretty clear that the California Court of Appeal was writing the city location reports for an 8th court. They sent out just a few days after the judge's hearing. So under city law, you would come back to the federal court and look at the rights and sentences in the California Constitution. And if we can say, under California system, how did the judge, done thorough research, raise the obvious issue of the issue of integrity, then this person would not have to speak in court because he was being professive. I doubt that Mr. Darbois should have a solution to this. I would say that he should do the judge's work. And so I think that's just the way it is. I think that's just the way it is. And I think that's just the way it is. I mean, I think that's a very important point. I think that's just the way it is. I think that's just the way it is. All right. So that's just totally fine. That's absolutely fine. Mr. Dargois, you're next. Under Harris Constitution, if this California, the state court in the last six years has asked the question that I'm responding to, the questioner sent us a bolster call to make sure that we're not simply giving generic opinions because the concession of the state is just a waste of time. It is a time-consuming decision. But there are some factors that I think are going to bring the issue to the people that I'm here to meet and that I'm here to mention that the courts in California or in any other county have all done the information that's in place and that's the state court that I just mentioned to make this decision. Mr. Dargois, you're next. I'm going to say anything you have to say. You have the floor. Oh, sure. Mr. Dargois, you're next. I'm going to say anything you have to say in relation to whatever reason you're concerning or to the court that I'm on today as it's my first time here and I'm very excited about your success in meeting some of these issues, some of these issues that you're concerning or that you're concerned about and how you've been able to succeed. The counselors, they just need counselors to be able to come to the court that makes me feel part of it. You know, I can be on the court if that's what you think it is and that's what I'm here for. I'm here to assist you. I think that there's an education here that the jurors cannot appeal without disagreeing with the evidence that's being held in terms of the regulations that are out there. And this goes back to what I mentioned. You have to set the policy and you have to survey the court to give us an opportunity to operate in an explicit manner to open this question. Thank you. I'm not sure if that's what you're saying. I think it's important. I think it's important. It is saying that the question is also a question that I'm thinking about here. I'm sure. So you can see and I'm sure you can answer that. Thank you. And it means reaching an end in a nutshell. I'm going to switch gears and speak to the court in California from the closest Supreme Court before us now, which is our court. Yes, sir. We love this Supreme Court building. This Supreme Court building. And... I'm sorry. Just three or four more words. It's a Supreme Court building and there's a history that's consistently being changed in the use of firearms 50-year-old cases are called in this courtroom. It's quite a distinguished and very consistent council that has to be in place in order to continue and perhaps better serve and bring initiative to the Supreme Court. There is a history that's been changed but it doesn't change the fact that our Supreme Court has to be represented in the Constitution by the Supreme Court. So far, this is the initial appeal when it was researched. It was the oral appeal issue that's been used here. So, when you say represented by the Constitution there ought to be and then be sort of the law and the constitutional rights that govern those people. In law, in court, it's easy to say there has to be in law, in the United States, it's easy to say there's a permanent use for firearms in the Supreme Court in the United States. So, you have to have the Supreme Court and the Constitution as a unit that's not a national system that's just a national system. So, there's no state that's not a national system. So, how would you define the firearms here in court if there's firearms here in the United States? In court, there's a system that shows that there are independent people in the Supreme Court who are responsible because the jurors who are in the decision are the ones who supported the decision of the Constitution and so, of course, there's a position that's changing in the house of law but the jury in the case of Easter, the jury in the case of the Constitution was the jury that was instructed for the law and the jury who came out of it which was the law for the United States and the Supreme Court is the law in the court of appeals for us here in the house of law making it simple for the Supreme Court to determine who was a member of the group who this was in fact a member of the group who was a member in 2007 after the jury was introduced and this was a member in 2004 the jury who is a member of the group who became a member of the Supreme Court and this jury we're calling for their expendable usage of firearms which they are much more familiar with seeing in their experience and it's also available in situations where they were not familiar at all with traditional weapons that they were familiar with I have since recently introduced some of these questions here and what I'm asking is that in tradition where in the law it's not required to consume firearms and use firearms at all a fair being to put into a search warrant is to leave it with you can you bring me anything that anyone can        know  the use of firearms as part of the case which I think will be submitted forward soon so that your argument matters please versus firearm abuse matters thank you
judges: D.W. Nelson, O'scannlain, Trott